IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT LEE JOHNSON, JR,**
**ADC #100626**                                                                                                                **PLAINTIFF**

V.                              CASE NO. 5:18-CV-212-JM-BD

**WENDY KELLEY,** *et al.*                                                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody, Jr. Any party to this suit may file written objections with the Clerk of Court. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Background**

Plaintiff Robert Lee Johnson, an inmate in the Arkansas Department of Correction (ADC), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) Mr. Johnson claims that Defendants Griffin, Kelley, Lay, Conley, and Stukey were deliberately indifferent to his medical needs. (#2)

Defendants Conley and Stukey (Medical Defendants) have moved for summary judgment on the merits (#76), as have Defendants Griffin, Kelley, and Lay (ADC Defendants) (#81). Mr. Johnson has responded to the motions. (#89)

## III. Summary Judgment Standard

Summary judgment is granted only when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any fact important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). If important facts remain in dispute, the court cannot grant summary judgment, and the case is set for a trial.

## IV. Undisputed Facts

Here, the relevant facts are not in dispute. Mr. Johnson arrived at the Randall Williams Unit of the ADC on November 16, 2017. (#77-2; pp.47-48) His medical history included heart murmurs, coronary heart disease, hypertension, and bradycardia (slow heart beat).[1] (#77-1, pp.1,4; #77-2, p. 19)

Mr. Johnson complained of chest pain on several occasions while he was at the Randall Williams Unit; and each time, he was taken to the Jefferson Regional Medical Center (JRMC) emergency department for treatment, including examinations by cardiologists. (#77-1, pp. 6, 8-21, 46-53, 120-146, 152-175, 198-212).

---

[1] Mr. Johnson has a 25-year history of abusing crack cocaine, which he acknowledges has contributed to his heart problems. (#77-2, pp. 21, 27-29, 49-40)

2

The issues in this lawsuit concern whether Mr. Johnson had a serious medical need for a pacemaker and, if so, whether Defendants knew of this need, but deliberately failed to authorize the procedure. Mr. Johnson filed this lawsuit to force Defendants to authorize insertion of a pacemaker in his chest, which he believes is medically necessary. (#77-2, pp.45-47, 51)

Mr. Johnson asserts that on March 14, 2018, he signed a consent form at JRMC for insertion of a pacemaker and was prepped for the procedure, but the Defendants refused to authorize it. (#2, p.5; #46; #51; #77-2, p. 45-47, 68) It is undisputed that cardiologists at JRMC performed a left heart catherization on Mr. Johnson.[2] (#2; #77-1, p.75)

Mr. Johnson acknowledges that Dr. Alshami,[3] the cardiologist who examined him at JRMC in March of 2018, never told him that he needed a pacemaker. (#77-2, p.51) He believes he needs a pacemaker because Dr. Rollefson (not a Defendant) said as much in 2011, as did a doctor at the University of Arkansas for Medical Sciences in 2016. (#77-2, pp. 24-25, 27, 42, 51-52)

There is no evidence in Mr. Johnson's medical records to support his assertion that he signed a consent form and was prepped for a pacemaker procedure in March of 2018.

---

[2] Mr. Johnson had two prior heart catheterizations, both of which showed no blockages and no issues with Mr. Johnson's heart valves. (#77-1, p.77; #77-2, pp. 24, 40; #77-3, p. 2)

[3] Dr. Alshami was dismissed as a Defendant because Mr. Johnson failed to exhaust his administrative remedies against him. (#51)

3

(#77-1) In fact, Mr. Johnson's medical records from November 16, 2017, until the present, show no recommendation from any doctor that Mr. Johnson receive a pacemaker. (#77-1; #77-3) Mr. Johnson's current cardiologist has not recommended a pacemaker. (#77-2, p.51) The only evidence Mr. Johnson offers to support his belief that he needs a pacemaker is an explanation of bradycardia in medical records that treatment for bradycardia *may include* insertion of a pacemaker. (#89; #77-1, p. 171-172) (emphasis added)

Dr. Jeffrey Stevie, a medical doctor and the Regional Medical Director for inmates in the ADC, reviewed Mr. Johnson's medical records from November 16, 2017, to the present. (#77-3, p.1) Dr. Stevie testified that he was unable to locate a recommendation by any doctor indicating that Mr. Johnson should have a pacemaker inserted. Dr. Alshami did not diagnose Mr. Johnson with bradycardia when he examined him on February 5, 2018; and he did not recommend that Mr. Johnson receive a pacemaker. Furthermore, Dr. Stevie testified that the choice of treatment for bradycardia, if it is diagnosed, falls within the clinical judgment of the individual patient's cardiologist. (#77-3, p.2) In Dr. Stevie's medical opinion, Mr. Johnson had appropriate access to healthcare and was provided appropriate care and treatment for his complaints during the relevant time. (#77-3, pp.2-3)

**V.    Discussion**

The Eighth Amendment's cruel and unusual punishment clause allows prisoners to sue prison officials who are deliberately indifferent to their serious medical needs. *Estelle*

4

*v. Gamble*, 429 U.S. 97, 104-08 (1976). To succeed on a claim of inadequate medical care, however, a prisoner must prove, not only that he had a serious medical need, but also, that the officials actually knew of the need, but deliberately chose to disregard it. *Id.*; *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Deliberate indifference to a medical need is markedly different from negligence. Even gross negligence cannot support a claim of deliberate indifference. Likewise, a prisoner's disagreement with treatment decisions does not rise to the level of a constitutional violation. *Langford,* 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). A doctor treating prisoners is free to exercise his or her independent professional judgment, and an inmate is not entitled to demand any particular course of treatment. *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008). In fact, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." *Dulany v. Carnahan*, 132 F.3d 1234,1240 (8th Cir. 1997)

Here, it is undisputed that Mr. Johnson was repeatedly examined for heart problems by medical providers while at the Randall Williams Unit. And, he was repeatedly taken to the hospital and treated for his complaints. More to the point, there is no evidence in the record showing that any medical doctor—including the cardiologists who treated Mr. Johnson—recommended that Mr. Johnson receive a pacemaker.

Accordingly, Mr. Johnson has failed to satisfy the first prong of his deliberate-indifference claims, *i.e.*, that he had a serious medical need for a pacemaker.

The Defendants' motions are further bolstered by the affidavit of Dr. Stevie, who reviewed Mr. Johnson's medical records and testified that Mr. Johnson received appropriate medical care for his medical complaints while held at the Randall Williams Unit.

The Defendants are entitled to qualified immunity[4] because there is no evidence in the record to support Mr. Johnson's claim that he needed a pacemaker, much less that Defendants knew of such a need and deliberately failed to provide needed treatment.

## VI. Conclusion

The Court recommends that Defendants' motions for summary judgment on the merits (#76, #81) be GRANTED. Mr. Johnson's lawsuit should be dismissed, with prejudice.

DATED this 5th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Qualified immunity protects government officials from suit under § 1983 if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, because there was no constitutional violation, Defendants are entitled to qualified immunity.